COURT OF APPEALS OF VIRGINIA


Present:    Chief Judge Felton, Judge Petty and Senior Judge Coleman
Argued by teleconference


ASIA GREEN

MEMORANDUM OPINION[*] BY
v.      Record No. 2692-05-2        JUDGE SAM W. COLEMAN III
OCTOBER 10, 2006

GREENE COUNTY DEPARTMENT
 OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF GREENE COUNTY
Richard J. Jamborsky, Judge Designate

S. Braxton Puryear for appellant.

Andrew Wilder, Deputy County Attorney, for appellee.


Asia Green's (appellant) parental rights to her four-year-old daughter were terminated

pursuant to Code § 16.1-283(C).  On appeal, she contends the trial court erred because the evidence

failed to prove that she ever abused the child, or threatened the child's life, health or development.

We find no error and affirm the trial court's judgment.[1]

When considering termination of a parent's residual rights to a child, "the paramount

consideration of a trial court is the child's best interests."  Logan v. Fairfax County Dep't of

Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991).  On review, "[a] trial court is

presumed to have thoroughly weighed all the evidence, considered the statutory requirements,

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The record reflects that the guardians *ad litem* for the child and the mother were
provided notice of this appeal pursuant to Rule 5A:6.  However, the guardians *ad litem* did not
file appellate briefs.  According to Standard J of the "Standards to Govern the Performance of
Guardians *Ad Litem* for Children," effective September 1, 2003, a guardian *ad litem* is required
to "[f]ile appropriate petitions, motions, pleadings, briefs, and appeals on behalf of the child and
ensure the child is represented by a [guardian *ad litem*] in any appeal involving the case."

and made its determination based on the child's best interests." Farley v. Farley, 9 Va. App. 326, 329, 387 S.E.2d 794, 795 (1990). "The trial court's judgment, when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it." Logan, 13 Va. App. at 128, 409 S.E.2d at 463.

Code § 16.1-283(C)(2) requires proof, by clear and convincing evidence, that (1) the termination is in the best interests of the child, (2) "reasonable and appropriate" services have been offered to help the parent "substantially remedy the conditions which led to or required continuation of the child's foster care placement," and (3) despite these services, the parent has failed, "without good cause," to remedy those conditions "within a reasonable amount of time not to exceed twelve months from the date the child was placed in foster care."

We view the evidence in the "light most favorable" to the prevailing party in the trial court and grant to that party the benefit of "all reasonable inferences fairly deducible therefrom." Logan, 13 Va. App. at 128, 409 S.E.2d at 463. "[T]he trial judge's 'determination is considered to have settled all conflicts in the evidence in favor of the prevailing party.'" Richmond Dep't of Soc. Servs. v. Crawley, 47 Va. App. 572, 580, 625 S.E.2d 670, 674 (2006) (quoting Farley, 9 Va. App. at 328, 387 S.E.2d at 796). "Where the record contains credible evidence in support of the findings made by [the trial] court, we may not retry the facts or substitute our view of the facts." Ferguson v. Stafford County Dep't of Soc. Serv., 14 Va. App. 333, 336, 417 S.E.2d 1, 4 (1992).

Here, DSS proved by clear and convincing evidence that termination of Green's parental rights was in her child's best interests. M.G. was born premature on August 6, 2001, weighing one pound, eight ounces. She was admitted to the hospital's neonatal care ward and remained there for seven weeks. While in her mother's care, M.G. remained underweight, was developmentally delayed, and was diagnosed with "failure to thrive." A diagnosis of "failure to

thrive" includes inadequate growth and weight gain that presumes inadequate nutrition. In October of 2003 DSS took emergency custody of M.G. While in foster care, the child began to gain weight and to develop properly.

The evidence proved that mother suffers from Crohn's disease, depression, and bi-polar disorder. The initial foster care plan prepared by DSS provided for stabilization of mother's physical and mental health by requiring that she comply with her doctors' recommendations regarding appointments and medications. Although her physical and mental disorders are treatable, mother did not follow through with her therapy and medical appointments, nor did she take her prescribed medications. While M.G. was in her care, mother was hospitalized numerous times due, in large part, to her non-compliance with prescribed medication and appointments with her doctors. DSS also provided mother with counseling, parenting classes, and other services; however, mother never completed any of the programs offered her. In December 2004 DSS determined that mother's compliance with the services that were being offered was insufficient to justify continuing to work towards the initial goal of return to parent. Instead DSS determined that services to achieve the goal of adoption were in M.G.'s best interest.

The evidence further proved that while M.G. was in foster care she grew and began to develop normally. As visitation with her mother increased to four days a week, M.G.'s weight decreased, thus visits with mother were curtailed. Since being placed in her current foster home, M.G.'s height and weight have increased, and she appears to be playful, active, and talkative when with her foster parents.

DSS presented clear and convincing evidence that mother had not substantially remedied the conditions that brought her child into foster care. Mother has never provided a stable home environment nor has she had a strong relationship with father. At the time of the trial court's termination hearing, the child had been in foster care for twenty-one months. Mother never

became medically or emotionally healthy. Nothing in the record suggests a reasonable likelihood that mother's medical or emotional conditions would be remedied, or that mother would ever be able to assume responsibility for the child's care. "It is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming [her] responsibilities." Kaywood v. Halifax County Dep't of Soc. Serv., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The record supports the trial court's finding that clear and convincing evidence proved the statutory requirements of Code § 16.1-283(C)(2) and that termination of appellant's residual parental rights was in the child's best interest.

CONCLUSION

For the reasons stated, we find the trial court did not err by terminating appellant's parental rights. Accordingly, we affirm.

Affirmed.